FLORENCE M. LECHNER AND FRANK LECHNER, SR., PLAINTIFFS, v. C. LEWIS LAVINE, DEFENDANT.

Decided November 4, 1929.

Before Justices TRENCHARD, KALISCH and LLOYD.

For the rule, *James Mercer Davis.*

*Contra, Joseph Lanigan.*

PER CURIAM.

The plaintiffs, husband and wife, obtained a verdict in the Mercer Circuit, against the defendant, namely, for $1,000

in favor of the female plaintiff as compensation for injuries sustained by her, and $200 in favor of her husband, for medical expenses incurred, and loss of consortium, by reason of his wife's injuries.

The female plaintiff, on the 10th of October, 1926, was a passenger riding on a trolley car in Trenton, which car was proceeding toward the center of that city. The defendant, by its servant, was operating an automobile truck, and was engaged in backing it out of and on a private driveway of the Westinghouse plant on Pennington avenue.

It was a long-bodied truck, and therefore it was within the knowledge of its operator, that when the truck was backed to its full length, it would extend across the tracks of the trolley company, upon which the trolley car was being propelled.

At the time of the happening of the accident it was near dusk, and there was a collision between an oncoming trolley car and the truck, in that the trolley car ran into the side of the truck, whereby the female plaintiff, who was a passenger on the car was injured.

One of the factual questions presented by the evidence for the jury to decide was, whether the driver of the truck, in the exercise of reasonable care, could have avoided the collision. If he could have done so, it is wholly immaterial whether the driver of the trolley car was also negligent and contributed to bringing about the collision.

From a careful reading of the testimony, we cannot say that the jury were not warranted in finding that the driver of the truck could, in the exercise of reasonable care, have avoided the collision.

The verdict is not so clearly against the weight of the evidence that it can be properly said to have been the product of mistake, partiality, prejudice or passion on part of the jury.

The rule to show cause is discharged, with costs.